FALAGÁN, PLAINTIFF AND RESPONDENT, *v.* ARÁN ET AL.,
DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Mayagüez in a case of
intervention in ownership of real property and for an
injunction.

No. 987.—Decided May 19, 1914.

EXECUTION SALE OF REAL PROPERTY—THIRD PARTIES—LEVY FOR COSTS—INTER-
VENTION.—When real estate is levied on as the property of a certain person
for the collection of costs, if the attached property was sold lawfully to
another person before the levy, said vendee may apply for an annulment of
the levy by means of intervention proceedings.
CONTRACT IN FRAUD OF CREDITORS—ACTION TO RESCIND CONTRACT.—An action to
rescind a contract made in fraud of creditors is subsidiary and can be brought
only when the defendant has no other remedy at law for a reparation of the
damages.

The facts are stated in the opinion.
*Mr. José Sabater* for the respondent.
*Mr. José Benet* for appellants Emilio Arán and Alejan-
drina Blanco Ramírez.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Francisco Falagán Lobato filed a complaint in the District
Court of Mayagüez against Emilio Arán Cuascú, Alejandrina
Blanco Ramírez and Agustín Hernández Mena, alleging, in
short, that he was the owner of a certain joint estate in a
rural property by having purchased it from its former owner,
defendant Hernández Mena, and that defendants Arán and
Blanco had levied on the said joint estate as though it still
belonged to Hernández Mena for the purpose of collecting
certain costs which the said Hernández Mena had been ad-
judged to pay. Based on the foregoing facts, which are nar-
rated at proper length in the complaint, the plaintiff prayed
the court to render judgment ordering that the said levy be
vacated and decreeing that the joint estate in question belongs
exclusively to the plaintiff.

Defendant Hernández Mena confessed judgment and de-
fendants Arán and Blanco demurred to the complaint on vari-

ous grounds, which demurrer was overruled. They then answered the complaint, admitting some of the allegations, denying others and alleging as new matter that though it were true that plaintiff Falagán had acquired the joint estate levied on from defendant Hernández Mena, it was in fraud of defendants Arán and Blanco who were lawful creditors of defendant Hernández Mena. Said defendants Arán and Blanco prayed for the dismissal of the complaint and for judgment to the effect that the joint estate levied on is the property of defendant Agustín Hernández Mena.

A day having been set for the trial, both parties introduced evidence and the court finally rendered judgment sustaining the complaint. From that judgment defendants Arán and Blanco took the present appeal.

The allegations and the evidence fully established the fact that the sale of the joint estate in question was made by Agustín Hernández Mena to Francisco Falagán Lobato by a public deed executed on April 7, 1911, and that the levy was recorded in the Registry of Property of San Germán on July 27, 1912, at which time the joint estate still appeared recorded in the name of Agustín Hernández Mena.

Defendants Arán and Blanco introduced evidence tending to show the fraud alleged by them in their answer as new matter. In its analysis thereof the trial court expresses itself as follows:

"In the opinion of the court, all the evidence introduced by the said defendants tending to prove the simulation of the said deed is not sufficient in law to justify the legal conclusion that there was simulation or fraud in the execution of the said deed and that said conveyance of property was made with the intention of cheating or defrauding the creditors of Agustín Hernández Mena by preventing them from recovering the costs which the latter had been adjudged to pay. All the edivence introduced by defendants Arán Cuascú and Blanco Ramírez was circumstantial, and although it throws suspicion on the deed of April 7, 1911, the court does not consider said evidence sufficient to justify the conclusion in law that the said deed is fraudulent and simulated."

Moreover, even in case it might be concluded that the evidence showed that simulation was practiced in the sale which appears to have been made by the deed of April 7, 1911, and even in case the prayer of defendants Arán and Blanco could be sustained in a case of this kind in the form in which it was made, we would find that, in substance, the action brought by the defendants was one for the rescission of a contract entered into in fraud of creditors, and as the said action is a subsidiary one, according to the specific provisions of section 1261 of the Civil Code, and cannot be brought except when the person injured has no other legal remedy for obtaining reparation for the injury, and as in this case defendants Arán and Blanco did not prove that they could not collect their debt from the actual debtor, Agustín Hernández Mena, but, on the contrary, a certain deed introduced in evidence at the trial by defendant Hernández Mena tended to prove that he was the owner of a rural property situated in the municipal district of Manatí, the conclusion would still be reached that the prayer of defendants Arán and Blanco should be denied.

The appeal should be dismissed and the judgment appealed from affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf and Aldrey concurred.

Mr. Justice Hutchison took no part in the decision of this case.